[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12564
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-03902-AKK

TRINAE D. WATKINS,

Plaintiff-Appellant,

versus

REGIONS MORTGAGE INC.,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
SIROTE & PERMUTT PC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 14, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Trinae Watkins appeals *pro se* the district court's order granting summary judgment to Regions Bank (Regions) on her wrongful-foreclosure claim and to Regions and Federal Home Loan Mortgage Corporation (Freddie Mac) as to her quiet-title claim, both under Alabama law.[1]  Watkins asserts several issues on appeal, which we address in turn.  After review, we affirm the district court's grant of summary judgment.

## I.  DISCOVERY AND EXPERT WITNESS ISSUES

Watkins contends the district court abused its discretion when it denied her motions to extend the date for submitting the names of any expert witnesses, to extend discovery, to compel discovery, and to hold a hearing on Freddie Mac's refusal to produce requested discovery documents.  She also asserts the court committed reversible error by not admitting, or ignoring, two expert-witness affidavits.

Under Rule 16(b) of the Federal Rules of Civil Procedure, the district court must issue a scheduling order that limits the time to complete discovery.  Fed. R. Civ. P. 16(b)(3)(A).  The schedule set forth by the court "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

---

[1]  While we liberally construe *pro se* pleadings, a *pro se* appellant abandons an issue if she fails to raise it in her initial brief.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Watkins' *pro se* complaint raised additional claims and named additional defendants, but Watkins does not challenge the district court's resolution of those issues in this appeal, so they are abandoned.

The district court did not abuse its discretion by denying Watkins' requests to extend discovery, compel discovery, or hold a hearing regarding requested discovery. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011) (reviewing for an abuse of discretion a district court's discovery rulings because the court has broad discretion under Rule 26 of the Federal Rules of Civil Procedure to compel or deny discovery). Watkins filed a request to submit an expert witness report from Joseph R. Esquivel, Jr. on February 20, 2013, three weeks after the January 29, 2013, deadline, and filed a request to extend the time for discovery following the defendants' motion to strike her untimely-filed discovery requests. The district court did not abuse its discretion by denying both motions because it merely held Watkins to the clear terms of its scheduling order. *See id.* at 1307 (stating "we have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion"). Moreover, while Watkins cited the death of a close friend, she did not show good cause for why (1) she did not make the expert-witness request immediately following the expiration of the deadline, or (2) she needed discovery requests in addition to those she had filed before. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (explaining in order to establish good cause, the party seeking the extension must establish the schedule could not be met despite the party's diligence).

3

The district court also did not abuse its discretion in denying Watkins'
requests to compel the parties to respond, and, specifically, to hold a hearing
regarding her request to have Freddie Mac deposed.  Watkins has not shown the
court's decisions caused her substantial harm, as she has not specified the
additional information she was unable to obtain during the discovery period or how
further discovery would have been helpful in resolving the issues.  *See Josendis*,
662 F.3d at 1306-07 (stating we will not overturn discovery rulings unless the
appellant shows they resulted in substantial harm to her case)

Finally, the district court did not abuse its discretion by not admitting the
Esquivel affidavit and by "ignoring" the affidavit of Damion Emholtz.  The court
struck those affidavits after finding Watkins could not rely on those affidavits
because Emholtz and Esquivel were "purported expert[s]," but Watkins had not
filed a timely expert report for either individual.  As discussed above, the district
court did not abuse its discretion in refusing to admit the untimely filed affidavit
from Esquivel.  Watkins stated Emholtz was an expert in mortgage securitization,
and any expert reports should have been submitted by the court's January 29, 2013,
deadline.  Thus, the Emholtz affidavit, which was proffered in April 2013, was
untimely, and the district court did not abuse its discretion by excluding it because
it merely held Watkins to the clear terms of its scheduling order.  *See Josendis*, 662
F.3d at 1307.  Moreover, Watkins did not show good cause for why she did not

4

make any request to add Emholtz as an expert witness following the expiration of the deadline. *See Oravec*, 527 F.3d at 1232. Accordingly, we affirm the district court's denial of Watkins' various discovery motions and striking of the expert affidavits.

## II.  SUMMARY JUDGMENT ISSUES

Watkins also contends the district court erred by granting summary judgment to the defendants. Watkins asserts: (1) the assignment of her mortgage and promissory note (Note) from Regions to Freddie Mac had a graphically altered signature; (2) Freddie Mac had only purchased an "intangible obligation" to receive future loan repayments in Watkins' note and mortgage, and, because Regions did not record the assignment to Freddie Mac, that "intangible obligation" was unsecured; (3) the district court "abandoned the weight of evidence in favor of the weight of admissibility" in refusing to consider her expert-witness affidavits; and (4) the district court did not require Regions and Freddie Mac to satisfy their burden of persuasion under Rule 56(c) of the Federal Rules of Civil Procedure by showing the absence of a genuine evidentiary issue as to whether a proper assignment to Freddie Mac ever was made.

Two state law causes of action are at issue. First, a person in possession of land can file an action to quiet title in that land and to establish that person's title to the land against all others claiming title. Ala. Code § 6-6-540. Second, a claim of

5

wrongful foreclosure arises when a mortgagee uses the power of sale given under a mortgage for an improper purpose other than to secure the debt owned by the mortgager. *Johnson v. Shirley*, 539 So. 2d 165, 168 (Ala. 1988).

The district court did not err[2] by granting summary judgment to Regions and Freddie Mac on Watkins' quiet-title claim, as the evidence showed that Regions originated the Loan and subsequently assigned both the Mortgage and Note to Freddie Mac. In conjunction with the Assignment, Regions endorsed the Note in blank, but retained physical possession of all loan documents, including the Note and Mortgage, and agreed to act as the loan servicer for Freddie Mac. Thus, because of the Assignment, Freddie Mac held legal title to the Property, and Regions possesses the right to enforce the remedies in the Note, including the power of sale, as the loan servicer and holder of the Note. *See* Ala. Code 7-3-301 (providing a note can be enforced by, *inter alia*, (1) the holder of the instrument, or (2) a nonholder who is in possession of the instrument and who has the rights of a holder).

Watkins' arguments to the contrary fail. Her contentions that several documents were graphically altered are supported only by her self-serving affidavit, as the district court properly struck the Emholtz and Esquivel affidavits.

---

[2] We review *de novo* the district court's grant of summary judgment, applying the same legal standards as the district court and drawing all inferences in the light most favorable to the nonmoving party. *Rich v. Sec'y, Fla. Dep't of Corrs.*, 716 F.3d 525, 530 (11th Cir. 2013).

Watkins' contention that Regions split an "intangible obligation" from the physical note, which freed the Property as collateral for the Loan, is meritless because the record is clear that Regions assigned both the Note and the Mortgage to Freddie Mac but kept possession of the original documents so that it could act as a servicer for the Loan. Thus, Regions was the owner of the Note and had the power of sale by possessing the Note itself. Regarding Freddie Mac's statement in its motion to dismiss that Regions only transferred the partial right to receive future loan payments, when read in context, Freddie Mac was attempting to state that Freddie Mac itself did not have the legal right to foreclose on the mortgage, and, furthermore, its statements that no assignment ever occurred are contradicted by the record evidence. Watkins' contentions that Freddie Mac securitized its interest but then failed to perfect those interests are not supported by any evidence in the record, and Article 9A of Title 7 of the Alabama Code does not apply to secured interests in real property. *See* Ala. Code § 7-9A-109(d)(11). To the extent Watkins intended to argue the Note and Mortgage were separated, that argument has been rejected by Alabama courts. *See Coleman v. BAC Servicing*, 104 So. 3d 195, 205 (Ala. Civ. App. 2012) (quoting the Restatement (Third) of Property regarding mortgages, which explains that "[t]he note is the cow and the mortgage the tail. The cow can survive without a tail, but the tail cannot survive without the cow").

7

Watkins' contentions regarding the endorsement of the Note in blank are meritless because, as the Note was endorsed in blank, Regions is properly considered the holder of the Note and of the power of sale in the Note by virtue of possession of the Note. *See* Ala. Code §§ 7-3-109(a), (c), -205(b); *Thomas v. Wells Fargo Bank, N.A.*, 116 So. 3d 226, 233 (Ala. Civ. App. 2012) ("Possession of a note payable to order and indorsed in blank is prima facie evidence of ownership."). Watkins' argument the Assignment needed to be recorded is not supported by Alabama law, which only renders an unrecorded assignment of a mortgage conveyance void as to a purchaser, mortgagee, or judgment creditor, and Watkins is not any of those persons. *See* Ala. Code 35-4-90. Watkins' contention the district court improperly abandoned the weight of the evidence in favor of the weight of admissibility is meritless because the Emholtz and Esquivel affidavits were properly stricken, Deborah Fly's deposition does not contain the specific statements that Watkins alleges, and *Reese v. Herbert* does not support Watkins' arguments because *Reese* dealt with affidavits that had been admitted into the record. 527 F.3d 1253, 1270-71 (11th Cir.2008) (holding it was error for a district court to admit affidavits that did not comply with Rule 56, but then to disregard or discount those affidavits in making its summary judgment decision). Finally, Watkins' argument the defendants failed to rebut many of her allegations is

8

immaterial, as they were only required to show there was credible evidence that no genuine issue of material fact existed. *See Rich*, 716 F.3d at 530.

Additionally, the district court did not err by granting summary judgment to Regions on Watkins' wrongful-foreclosure claim, because, as discussed above, Regions retained the right to enforce the power of sale in the event of default, and the evidence showed that Watkins was in default of her mortgage payment because she had failed to make payments. Thus, Regions properly instituted foreclosure proceedings without an improper purpose. *See Johnson*, 539 So. 2d at 168.

Accordingly, the district court did not err in granting summary judgment to Regions and Freddie Mac. We affirm the district court.[3]

**AFFIRMED.**

---

[3] Watkins' request in her reply brief to strike the Appellees' brief is DENIED.